IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN MICHAEL NORRIS,

        Plaintiff,                  No. 2:08-cv-0720-MCE-JFM (PC)

    vs.

EL DORADO COUNTY
DETENTION FACILITY
MAINTENANCE,

        Defendants.             ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'"  Erickson
2  v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting
3  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
4  court must accept as true the allegations of the complaint in question, Erickson, id., and construe
5  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6  (1974).
7        Plaintiff's complaint contains the following allegations:
8        On December 23rd 20007 I was on the recreation yard playing a
           handball game when I went running for the ball and slipped on
9        water that leaked out from the toilet on to the court and I slid
           across the court ramming my knee into a metal piece of a workout
10       dip bar splitting my knee wide open.
11 Complaint, filed April 4, 2008, at 3.  The sole defendant named in this action is the "El Dorado
12 County Detention Facility Maintenance."
13        As the allegations of the complaint make clear, plaintiff's claim arises from an
14 incident where he slipped and fell due to water leaking from a toilet onto the jail recreation yard.
15 Although the allegations of the complaint clearly state the event from which this action arises, for
16 the following reasons the court is unable to determine whether the current action is frivolous or
17 fails to state a claim for relief.
18        The Civil Rights Act under which this action was filed provides as follows:
19        Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
20       deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
21       law, suit in equity, or other proper proceeding for redress.
22 42 U.S.C. § 1983.
23        Plaintiff does not cite any provision of law in support of his claim for relief.  The
24 allegations suggest that a constitutional claim arising from those allegations would be brought, if
25 at all, under the Eighth Amendment to the United States Constitution.  The Eighth Amendment
26 only provides a remedy for acts or omissions that constitute deliberate indifference to an inmate's

safety. The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To properly allege an Eighth Amendment claim for failure to protect an inmate from harm, the inmate must assert that he was incarcerated under conditions posing a "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to that risk. Id. at 834. Plaintiff's allegations contain nothing that indicate that his injury was the result of deliberate indifference on the part of any employee of the jail. Negligent acts or omissions do not violate the federal constitution. See Daniels v. Williams, 474 U.S. 327 (1986).

In addition, plaintiff has not named any individual defendants. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1          For the foregoing reasons, plaintiff's complaint must be dismissed.  The court
2  will, however, granted leave to file an amended complaint.  If plaintiff chooses to amend the
3  complaint, plaintiff must demonstrate how the conditions complained of have resulted in a
4  deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
5  Also, the complaint must allege in specific terms how each named defendant is involved.  There
6  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
7  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
8  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
9  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
10 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
11 1982).
12         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
14 amended complaint be complete in itself without reference to any prior pleading.  This is
15 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
16 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.
20         In accordance with the above, IT IS HEREBY ORDERED that:
21         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
22         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
24 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
25 Sheriff of El Dorado County filed concurrently herewith.
26         3. Plaintiff's complaint is dismissed.

5

          4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a.  The completed Notice of Amendment; and

          b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
norr0720.14

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  RYAN MICHAEL NORRIS,
11          Plaintiff,                   No. 2:08-cv-0720-MCE-JFM (PC)
12      vs.
13  EL DORADO COUNTY
    DETENTION FACILITY
14  MAINTENANCE,                         NOTICE OF AMENDMENT
            Defendants.
15  _____/
16
         Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18              _____     Amended Complaint
19  DATED:
20
21
22                                          _____
                                            Plaintiff
23
24
25
26